**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ILKER SERVENEN, et al., | Civil Action No.: 10-3743 (JLL) |
| Plaintiffs, | |
| v. | **OPINION** |
| EMPIRECLS WORLDWIDE CHAUFFEURED SERVICES, et al., | |
| Defendants. | |

**LINARES**, District Judge.

Currently before this Court is a motion filed by Defendants on October 22, 2010 to

dismiss the fourth and fifth causes of action in Plaintiffs' Complaint for failure to state a claim

upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  Plaintiffs have consented to dismissal of the fourth cause of action but oppose the

dismissal of the fifth cause of action.  The Court has reviewed the submissions of the parties and

decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil

Procedure.

## I.    BACKGROUND

Plaintiffs are limousine drivers who were allegedly employed at all relevant times by

EmpireCLS Worldwide Chauffeured Services, Inc. ("EmpireCLS"), a chauffeured transportation

company.  Plaintiffs' Complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, *et seq.*, and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1,

*et seq.*, based on an alleged failure by EmpireCLS to comply with various minimum wage, overtime pay, tip diversion, and wage deduction standards.  Plaintiffs propose that their FLSA claims be brought as a collective action under 29 U.S.C. § 216(b) and their NJWPL claims be brought as a class action under Rule 23 of the Federal Rules of Civil Procedure.  Defendants move to dismiss Plaintiffs' fifth cause of action, which alleges improper wage deductions under the NJWPL and the FLSA.  (Compl. ¶ 163-173.)

## II.   LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The plausibility standard is not akin to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient.  Id.  In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. at 1949.  It is the underlying specific facts alleged in a complaint that should be treated as true and evaluated.

## III.   DISCUSSION

Plaintiffs' fifth cause of action alleges that "Defendants systematically took many unlawful deductions from their drivers' wages, including, *inter alia*, deductions of as much as

approximately $2,000.00 per month for 'leasing fees' for the vehicles that Defendants'

employees operated on behalf of Defendants." (Compl. ¶ 167.) Plaintiffs further allege that

these wage deductions included "pager and radio payments" and "fuel charges," as well as

"workers' compensation insurance fees" and improperly withheld tips. (Id. at ¶ 43, 48, 53, 58,

170-71.) In arguing that Plaintiffs' allegations fail to state a claim under the NJWPL,[1]

Defendants rely on two sets of documents. First, Defendants point to "Vehicle Use Agreements"

allegedly signed by four of the six named Plaintiffs to authorize EmpireCLS to withhold

specified amounts from those Plaintiffs' paychecks in exchange for their personal use of

EmpireCLS vehicles. (Defs.' Mot. Br. at 7.) Second, Defendants point to two letters sent by the

New Jersey Department of Labor and Workforce Development ("NJDOL") allegedly confirming

that the Vehicle Use Agreements complied with the NJWPL. (Id. at 8.)

## A.    The Vehicle Use Agreements

Rule 12(d) of the Federal Rules of Civil Procedure provides that if matters outside the

pleadings are presented to and not excluded by the court, the motion must be treated as one for

summary judgment, and all parties must be given a reasonable opportunity to present all material

that is pertinent to the motion. Fed. R. Civ. P. 12(d). Courts may generally consider an

"undisputedly authentic" document attached as an exhibit to a motion to dismiss, without

converting the motion into a motion for summary judgment, if the plaintiff's claims are based on

that document. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d

Cir.1993). However, even if the plaintiff's claims are not based on the attached document, the

---

[1]Defendants do not address Plaintiffs' claims of improper wage deductions under the
FLSA.

court may nonetheless exclude the document and decline to convert the motion, if discovery is incomplete and a summary judgment ruling would be premature.  Kurdyla v. Pinkerton Sec., 197 F.R.D. 128, 131 (D.N.J. 2000).

Defendants concede that Plaintiffs' Complaint makes no explicit reference to the Vehicle Use Agreements but argue that the Court should nonetheless decline to convert their motion to a motion for summary judgment.  Defendants argue that the Court should instead consider the Vehicle Use Agreements in conjunction with their motion to dismiss because Plaintiffs' claims are "necessarily based upon the Vehicle Use Agreements."  (Defs.' Reply Br. at 5.)  Such basis, however, is not apparent from the Complaint or implied by the applicable law.  Plaintiffs' Complaint alleges that Defendants "took" deductions and "withheld" sums from their wages; it contains no allegations that such deductions and withholdings breached any agreement or were otherwise negotiated.  Indeed, the NJWPL does not require the existence of any such agreement, providing simply that "[n]o employer may withhold or divert any portion of an employee's wages" except under certain specified circumstances.  N.J.S.A. 34:11-4.4; see Winslow v. Corporate Express, 834 A.2d 1037, 1042-43 (N.J. Super. Ct. App. Div. 2003) (recognizing a private right of action under the NJWPL in the absence of an agreement between employer and employee).  Thus, Plaintiffs' claims are not "necessarily based" on the Vehicle Use Agreements but rather are based on the deductions and withholdings themselves, regardless of whether those actions were taken pursuant to any agreement.  The Court therefore concludes that the Vehicle Use Agreements constitute matters outside the pleadings under Rule 12(d).

The Court nevertheless declines to convert the instant motion into a motion for summary judgment.  As discovery has not yet been completed, and the Vehicle Use Agreements had not

been disclosed to Plaintiffs as of the filing of Defendants' motion, see Pls.' Opp'n Br. at 6, the Court finds that consideration of a motion for summary judgment at this stage of the proceedings would be premature.  Plaintiffs dispute the enforceability of the Vehicle Use Agreements and have not yet had an opportunity to question the alleged parties to the agreements.  (Id.)  Indeed, even if the Court were to admit the agreements, their mere existence alone would not be dispositive of Plaintiffs' claims, as employer-employee agreements may themselves violate the NJWPL.  See N.J.S.A. 34:11-4.7 ("It shall be unlawful for any employer to enter into or make any agreement with any employee for the payment of wages of any such employee otherwise than as provided in this act, except to pay wages at shorter intervals than as herein provided, or to pay wages in advance").  The Court therefore excludes the Vehicle Use Agreements from Defendants' motion to dismiss and declines to convert the motion into a motion for summary judgment.

**B.**     **The NJDOL Letters**

In further support of their motion to dismiss, Defendants attach two letters allegedly sent by the NJDOL to an attorney named David G. Islinger.[2]  Defendants contend that in these letters the NJDOL "held that vehicle use agreements such as the ones in issue" comply with the NJWPL.  (Defs.' Mot. Br. at 8.)  Defendants, however, provide no explanation as to the identity of Mr. Islinger or his affiliation, if any, with the parties here.  Defendants instead assert that the letters are entitled to judicial deference because they reference an informal opinion letter by the state Attorney General's Office in which that office allegedly "confirmed the right of limousine

_____

[2]Defendants appear to refer alternatively to the attorney as "David Klinger."  (See Defs.' Mot. Br. at 8, Defs.' Reply Br. at 6.)

companies to make employee authorized payroll deductions from a limousine driver's personal use of company vehicles." (Id.)  However, Defendants fail to provide the opinion letter itself or any other official statement by the Attorney General's Office or the NJDOL.  While an opinion letter from agency counsel may be accorded the status of an official administrative interpretation for purposes of judicial deference, see National Waste Recycling, Inc. v. Middlesex County Imp. Authority, 695 A.2d 1381, 1392 (N.J. 1997), Defendants have attached no such official interpretation here, and the documents that Defendants have provided lack any foundational support from which the Court could determine their relevance to the matters in issue.  The Court therefore excludes the NJDOL letters from Defendants' motion to dismiss.

**C.      Sufficiency of the Pleadings**

The Court finds that Plaintiffs' fifth cause of action states a claim upon which relief can be granted under the NJWPL.  Plaintiffs have pled specific facts regarding deductions and withholdings from their wages—including Defendants' deduction of lease fees, pager and radio payments, fuel charges, and workers' compensation insurance fees, and their withholding of tips—and cite specific provisions of the NJWPL that those actions allegedly violate.  Defendants rely principally on the NJDOL letters to support their contention that the withholdings and deductions at issue do not, as a matter of law, violate the NJWPL, and the Court has excluded those documents from its consideration of the instant motion to dismiss.  Defendants' only remaining argument is that the plain language of the NJWPL exempts them from liability for wage deductions in connection with the leasing of company property; however, Defendants have cited no authority, aside from the NJDOL letters, for the proposition that the provision exempting "[p]ayments for company products *purchased* in accordance with a periodic payment schedule

contained in the original *purchase* agreement" encompasses the *lease* agreements that Defendants contend were executed here.  N.J.S.A. 34:11-4.4(b)(4) (emphasis added).  Plaintiffs have therefore sufficiently stated a claim for relief under the NJWPL in their fifth cause of action.

The FLSA claims within the fifth cause of action, however, are more problematic. Plaintiffs state, "In addition, Plaintiffs bring this cause of action under the FLSA for any deductions which caused Plaintiffs and the FLSA Collective to make less that the minimum wage and/or to be paid less than the proper overtime rate (if applicable)."  (Compl. ¶ 173.)  This statement appears to be an attempt to incorporate the facts alleged in the fifth cause of action into Plaintiffs' minimum wage and overtime pay claims under the FLSA, which Plaintiffs pled as their first and second causes of action, respectively.  (See id. at ¶ 102-148.)  Nowhere else does the fifth cause of action refer to the FLSA, including the fifth cause of action's subtitle, which denotes "Improper Wage Deductions Under *State* Law."  (Id. at 4 (emphasis added).)  Indeed, Plaintiffs qualify their FLSA claims as alleged only "if applicable."  These claims thus fail to make a definite assertion that Plaintiffs are entitled to relief under the FLSA, and moreover they appear to have been pled under the wrong cause of action.  The Court will therefore *sua sponte* dismiss without prejudice the FLSA allegations contained in Paragraph 173 of Plaintiffs' Complaint as insufficiently pled under Rule 8(a)(2).  M.G. v. Crisfield, 547 F. Supp. 2d 399, 405 (D.N.J. 2008).  Plaintiffs will be given leave to amend their Complaint to reassert these claims in a more definite manner and under more appropriate causes of action.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the NJWPL claims alleged in

Plaintiffs' fifth cause of action is denied.  However, the FLSA claims made in Paragraph 173 of

Plaintiffs' Complaint are dismissed without prejudice.


DATED: December 22, 2010                    /s/ Jose L. Linares
                                            JOSE L. LINARES
                                            UNITED STATES DISTRICT JUDGE