NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ILKER SERVENEN, YASSER ELDASOUKY, FAISAL ABEDRABBO, MAHMET YILDRIM, VOLKAN BAHCE, and MURAT YUCEL BAHCE, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>EMPIRECLS WORLDWIDE CHAUFFERED SERVICES, DAVID SEELINGER, EDWARD MARTINEZ, BRUCE COHEN, and ANNETTE GULIFIELD, individually, and DOES 1-50 inclusive,<br><br>     Defendants. | Civil Action No.: 10-3743 (JLL)<br><br>OPINION |

**LINARES,** District Judge,

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of this Court's Opinion and Order dismissing Count Four of Plaintiffs' Amended Complaint for lack of subject-matter jurisdiction. The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiffs' motion is denied.

  **I. BACKGROUND**

The Court writes solely for the parties and only those facts relevant to the instant motion are included here.

Plaintiffs are limousine drivers who worked for and/or are currently employed by

Defendant EmpireCLS. Plaintiffs allege that, before April 2009, some drivers were misclassified as independent contractors rather than employees, that EmpireCLS did not pay minimum wages and overtime and that EmpireCLS failed to pay Plaintiffs all tips due them, in violation of the FLSA. Plaintiffs further allege that EmpireCLS made unlawful deductions from Plaintiffs' wages in violation of the NJWPL.

On or about December 5, 2011, Defendants moved to dismiss Count Four, the NJWPL claims, of the Amended Complaint. Plaintiffs opposed the motion and Defendants duly traversed. On March 21, 2012, this Court dismissed Count Four of Plaintiff's Amended Complaint for lack of subject-matter jurisdiction because there was no common nucleus of operative facts between the federal and state law claims, and because the state law claims predominated.

On April 4, 2012, Plaintiffs filed the instant motion for reconsideration.

## II.    LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly'." See L. Civ. R. 7.1(I) cmt. 6(d); see also Fellenz v. Lombard Investment Corp., No. 04-3993, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A motion for reconsideration must "set [] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1. When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). The Court will reconsider a prior order only where a different outcome is justified by: 1) intervening change in the law; 2) availability of new evidence not previously available; or 3) a

need to correct a clear error of law or manifest injustice (the "reconsideration elements"). <u>N. River Ins. Co. v. CIGNA Reinsurance, Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995).

### III.   ANALYSIS

Plaintiff seeks reconsideration on two grounds: 1) an intervening change of law, and 2) that the Court has overlooked operative facts.

As to the intervening change in the law, Plaintiffs point to the Third Circuit's recent decision in <u>Knepper v. Rite Aid Corporation</u>, 675 F.3d 249 (3d Cir. 2012). Specifically, Plaintiff points to the following language in <u>Knepper</u> as a basis for reversing this Court's decision:

> unlike the state law claims in <u>DeAscencio v. Tyson Foods, Inc. 342 F.3d 301 (3d Cir. 2003)</u>, there is no suggestion that the claims under the [Maryland Wage and Hour Law] and the [Ohio Minimum Fair Wage Standards Act] are novel or complex; Rite Aid's principal objection is that these state claims are too similar to federal claims with which the federal courts are well familiar. Nor does this case present an instance of supplemental jurisdiction, where there is statutory authority to decline jurisdiction in the factual circumstances of <u>DeAscenscio</u>.

<u>Id.</u> at 261. Pursuant to this decision, Plaintiffs aver, <u>Knepper</u> stands for the proposition that dual filed FLSA and class actions are not inherently incompatible.

Plaintiff is correct to the extent that this is the holding in <u>Knepper</u>. <u>Knepper</u> affirms established case law as to when a Court can exercise supplemental jurisdiction, and explicitly states that opt-in and opt-out claims are not inherently incompatible. However, this does not constitute an intervening change in law, nor is this holding inconsistent with this Court's own holding. This Court did not dismiss Plaintiffs' NJWPL claim because it was inherently incompatible with their FLSA claims. Rather, this Court dismissed Plaintiffs' NJWPL claim because 1) the two claims did not share a common nucleus of operative facts; and 2) the state law

claims substantially predominate.  Plaintiffs contest the Court's characterization of the operative facts in this matter and the Court treats this argument below.  However, this is irrelevant to the Third Circuit's decision in Knepper because this Court's ruling is not inconsistent with it; inherent incompatibility was not the basis for this Court's dismissal of Plaintiffs' NJWPL claim.  Accordingly, Plaintiffs' motion for reconsideration based on an intervening change in the law is denied.

Plaintiffs also allege that this Court has overlooked operative facts.  Specifically, Plaintiffs' quarrel with the following language from this Court's Opinion and Order:

> Plaintiffs' FLSA claims arise from Defendants' alleged failure to pay minimum wage and overtime and properly divide tips.  Plaintiffs' NJWPL claim arises from whether Defendants improperly characterized Plaintiffs as independent contractors, rather than employees, for the purpose of making deductions from their paychecks in violation of New Jersey law."

Opinion and Order at 2, March 21, 2012 (CM/ECF No. 74).  Plaintiffs claim that "the misclassification issue is central to Plaintiffs' overtime claims, as Defendants paid Plaintiffs a standard hourly rate – and not overtime – for hours that exceeded over forty hours per week while Plaintiffs were misclassified as independent contractors."  Pl. Mot. for Reconsideration at 2 (CM/ECF No. 75-1).  However, in highlighting this language from the Court's Opinion, Plaintiffs essentially concede that the Court did not overlook these facts, but rather Plaintiffs' disagree with the Court's ultimate characterization of these facts.  This is an insufficient basis to succeed on a motion for reconsideration.

It is well-settled that, absent newly discovered evidence, reconsideration is justified only when "dispositive factual matters or controlling decisions of law . . . were

4

presented to, but not considered by the court is the course of making the decisions at issue." Champion Labs., Inc. v. Metex Corp., 677 F.Supp. 2d 748, 750 (D.N.J. 2010) (internal citations omitted). Plaintiffs argument constitutes a disagreement with this Court's decision, but it does not establish that the Court overlooked an operative fact.

Similarly, Plaintiffs do not properly challenge the Court's holding that the state law claims predominate. Rather, Plaintiffs merely "resubmit that it is premature for the Court to determine that the state law claims predominate." Pl. Mot. for Reconsideration at 5. This is reargument of the underlying motion to dismiss, and not sufficient to establish that the Court has overlooked an operative fact. Furthermore, 28 U.S.C. § 1367 expressly permits a court to decline to exercise supplemental jurisdiction over a claims where "the claim substantially predominates over the claim or claims over which the court has original jurisdiction." Knepper's holding that state law and FLSA claims are not inherently incompatible, does not disturb the Court's ability to decline supplemental jurisdiction pursuant to § 1367. Therefore, as to this issue, it is clear that the Court has also not committed a clear error of law and Plaintiffs' motion for reconsideration on this final issue must also be denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration is denied. An appropriate Order accompanies this Opinion.


DATED: August 1, 2012

                                                  s/ Jose L. Linares
                                                  JOSE L. LINARES
                                                  U.S. DISTRICT JUDGE