

**COLE SCHOTZ**
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law          A Professional Corporation

Court Plaza North
25 Main Street
P.O. Box 800
HACKENSACK, NJ 07602-0800
201.489.3000  201.489.1536 FAX

NEW YORK

DELAWARE

MARYLAND

Reply to New Jersey Office
WRITER'S DIRECT LINE: (201) 525-6309
WRITER'S DIRECT FAX: (201) 678-6309
WRITER'S E-MAIL: rkochman@coleschotz.com

July 21, 2008

**VIA FEDERAL EXPRESS**
Cristina A. Zarejko, Chief Auditor
Contested Cases
Department of Labor and Workforce Development
135 East State Street
P.O. Box 942
Trenton, NJ 08625-0942

    Re:    Exec-U-Car Limousine, Inc.
           Assignment No. 174017

Dear Ms. Zarejko:

    This firm represents Exec-U-Car Limousine, Inc. ("Exec-U-Car" or the "Company"), in connection with the State of New Jersey, Department of Labor and Workforce Development's ("NJDOL") recent audit of the Company. We are writing to respectfully appeal the NJDOL's assessment of contributions allegedly due to the State of New Jersey under the New Jersey Unemployment and Temporary Disability Insurance Laws.

    It is Exec-U-Car's contention that the NJDOL has erred in concluding that the Company's chauffeured limousine drivers are "employees" under applicable law. Rather, an analysis of the parties' relationship and the lack of control asserted by the Company makes clear that the drivers with whom the Company contracted to provide chauffeured limousine services were, at all times between 2004 and 2007, independent contractors. In fact, the Company enters into lease agreements with its independent driver operators (either through the drivers' corporations or, in a few cases, their llcs), pursuant to which the operators lease an automobile from Exec-U-Car on the terms and conditions set forth in the lease agreement and in an accompanying transportation agreement entered into between the parties.

    The independent operator drivers function independently of Exec-U-Car. The independent operators always set their own hours and days of work, determine how to conduct their chauffeur services, receive payment on a purely commission basis, furnish their own materials (their leased car), pay their own expenses attendant to their work (including tolls, fuel and parking), pay for expenses, taxes and insurance costs related to any

42540/0038-1529752v1

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

Christine A. Zarejko, Chief Auditor
July 21, 2008
Page 2

of their employees, and reserve the right to provide services for other limousine companies. The independent operators also agree to pay for any loss or damage to the two-way pager and radios that they lease from Exec-U-Car. Moreover, the independent operators are responsible for the payment of ordinary repair and maintenance expenses and liability insurance premiums related to their automobiles. Finally, the independent operators clearly acknowledge in their lease and transportation agreements that they operate at all times as independent operators.

Based on the above, it is Exec-U-Car's contention that the NJDOL has erred in concluding that the independent operators were "employees" during the relevant time period and, therefore, that certain wage contributions are due to the State of New Jersey. Exec-U-Ca therefore respectfully requests that the NJDOL schedule a hearing in this matter. We would appreciate the NJDOL advising the undersigned as to the details of this hearing.

Respectfully yours,

Randi W. Kochman

RGW:kjp

42540/0038-1529752v1